IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      **Plaintiff,**<br><br>v.<br><br>**WILLIAM BRIAN MULDER,**<br><br>      **Defendant.** | Case No. 19-CR-0157-001-JFH<br><br>USM No.: 16002-062 |

**OPINION AND ORDER**

Before the Court is Defendant William Brian Mulder's ("Defendant") Sealed Emergency Motion to Reconsider this Court's denial of his Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) filed on June 13, 2023 [Dkt. No. 148], and Sealed Supplements filed between June 22 and July 24, 2023 [Dkt. Nos. 149, 150, 151, 152, 153, 154, 155, 156, and 157]. Defendant's motion to reconsider and his nine supplements are collectively referred to as the "Motion."

In the Motion, Defendant reiterates his multimorbidity health conditions, some of which he provides additional argument about, along with Bureau of Prisons' (BOP) medical records. He also argues that: a misplaced CPAP machine has worsened his health; errors in BOP records understate the severity of complications resulting from his fall in 2022; he contracted COVID-19 in April 2023, from which he has lingering effects and risks an adverse reaction should he again succumb to the disease; and BOP is incapable of addressing his medical needs and is not following up with specialist recommendations. Defendant requests that the Court reconsider its denial, arguing these health concerns constitute extraordinary and compelling factors that warrant a reduction of sentence to time served. For the reasons set forth below, Defendant's Motion [Dkt.

No. 148] is DISMISSED as untimely. Nonetheless, after reconsidering its previous denial of Defendant's request for a reduction of his sentence, the Court notes that, if permitted to review the merits, it would, once again, deny Defendant's request.

## BACKGROUND

On October 19, 2021, Defendant pled guilty to Counts 44 and 71 of the Second Superseding Indictment, charging him with Causing Interstate Transmission of Moneys Taken by Fraud, in violation of 18 U.S.C. §§ 2314 and 2(b) (Count 44), and Engaging in Unlawful Monetary Transactions, in violation of 18 U.S.C. § 1957(a) (Count 71). Dkt. No. 122. On June 1, 2022, this Court sentenced Defendant to a term of imprisonment of 84 months as to each of Counts 44 and 71, to run concurrently, each with the other. Dkt. No. 134 at 2. The Court further imposed a three-year term of supervised release as to each of Counts 44 and 71, to run concurrently, each with the other. *Id*. at 3. Defendant was also ordered to pay a $200 assessment and restitution to three victims totaling $8,447,080.75. *Id*. at 6. In November 2022, Defendant filed a § 3582(c) Motion requesting a reduction of his sentence due to injuries sustained in a fall and multimorbidity health conditions. Dkt. No. 138. This Court denied Defendant's Motion. Although Defendant sustained injuries in a fall and suffers from multiple chronic health concerns, the Court found that Defendant was not at undue risk. This finding was based upon: Defendant's imprisonment at a facility capable of providing immediate diagnosis and specialized treatment for a wide range of health concerns; his current high-level medical care classification; and Defendant's medical records depicting comprehensive medical care, which includes prescribed medication to minimize risk and ongoing monitoring of his health concerns. Dkt. No. 144 at 3-7. Defendant is currently imprisoned at FMC Butner. His presumptive release date is April 27, 2028.

## STANDARD OF LAW

Motions for reconsideration cannot be brought at simply any time. *United States v. Randall*, 666 F.3d 1238, 1242-43 (10th Cir. 2011). "[A] motion to reconsider an order granting or denying a sentence modification under § 3582(c) must be brought within the time granted to appeal that order." *Id.* at 1243. Rule 4 of the Federal Rules of Appellate Procedure prescribes the time for filing a notice of appeal in a criminal case. Accordingly, the time permitted to file a motion to reconsider a § 3582(c) motion, is as follows: "within 14 days after . . . the entry of . . . the judgment or the order being appealed." Fed. R.App. P. 4(b)(1)(A). "Upon a finding of excusable neglect or good cause, the district court may . . . extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by Rule 4(b)." *Id.* 4(b)(4). *See also*, *United States v. Heath*, 846 F. App'x 725, 727-28 (10th Cir. 2021) (unpublished disposition cited solely for its persuasive value) (applying the rule in *Randall* to § 3582(c)(1) proceedings).

Further, in general, an inmate's legal papers are considered timely filed if placed in the prison's legal mail system or given to prison officials on or before the deadline for filing, regardless of when the court receives them. *See* Fed. R. App. P. 25(c); *see also Price v. Philpot,* 420 F.3d 1158, 1166 (10th Cir. 2005). However, an inmate must establish timely filing under the mailbox rule by either: (1) alleging and proving that he or she made timely use of the prison's legal mail system if a satisfactory system is available; or (2) if a legal system is not available, then by timely use of the prison's regular mail system in combination with a notarized statement or a declaration under penalty of perjury of the date on which the documents were given to prison authorities and

attesting that postage was prepaid. *Price*, 420 F.3d at 1166. Moreover, "the inmate . . . has the burden of proof on this issue." *Id*. at 1165.

Finally, for a district court to substantively address a defendant's motion, he must state grounds warranting reconsideration. *United States v. Roebuck*, No. 07-20018-05-JWL, 2013 WL 2387677, *1 (D. Kan. May 30, 2013) (noting that in the context of a motion to reconsider the court's denial of a motion to reduce sentence under § 3582(c)(2), defendant still had to provide: "(1) an intervening change in the controlling law; (2) new evidence previously unavailable; [or] (3) the need to correct clear error or prevent manifest injustice") (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir.)). A proper motion to reconsider does not simply state facts or make arguments previously available and "[a]bsent extraordinary circumstances . . . the basis for the second motion must not have been available at the time the first motion was filed." *United States v. Amado*, 841 F.3d 867, 871-72 (10th Cir. 2016) (quoting Se*rvants of Paraclete*, 204 F.3d at 1012). "A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. Gen. Motors Corp.*, 846 F.Supp 1482, 1483 (D. Kan.), *aff'd*, 43 F.3d 1484 (10th Cir. 1994).

**ANALYSIS**

This Court denied Defendant's original Motion for Reduction of Sentence on January 19, 2023. Dkt. No. 144. Nearly five months later, on June 13, 2023, Defendant filed his Emergency Motion to Reconsider this Court's denial of his Motion for Reduction of Sentence. Dkt. No. 148. Defendant makes no allegation of substantial delay in receipt of this Court's Order denying his motion for reduction of sentence. Nor is his motion saved by the "prison mailbox rule," as Defendant makes no claim that he timely placed his motion in the prison's legal mail system, or that he gave his motion to prison officials on or before the deadline for filing and the BOP

4

misplaced or failed to place his documents in the mail system. Dkt. No. 148 at 1-47. Defendant's Motion is untimely and is, therefore, dismissed. Nonetheless, this Court has substantively reviewed Defendant's Motion. Based on this review, the Court notes that it would, once again, deny Defendant's request.

### A. Even if Timely Defendant's Motion Fails on the Merits

The majority of the factors cited by Defendant in his Motion to Reconsider, although presented with more detail and urgency, were either known to Defendant and not presented in his original Motion and therefore untimely or were considered and rejected by this Court in its denial of his original motion. *See* Dkt. No. 144 at 3-6. Defendant has, however, alleged omissions and errors in medical records relied upon by the Court in its Order denying his original motion and provided health-related information not available at the time of his original motion. For this reason, despite being untimely, the Court has assessed the merits of Defendant's Motion.

Defendant advances several concerns for reconsideration, including: (1) that a CPAP machine was misplaced by the BOP thereby exacerbating his sleep apnea condition; (2) that medical complications resulting from his fall in August 2022 were understated due to erroneous medical records and continue to worsen; deteriorating mental status due to frontotemporal dementia and progressing blindness, deafness, and inability to perform activities of daily living (ADLs), in part due to complications from his fall; and (3) that in April 2023, he contracted COVID-19 and has lingering effects. Defendant also restates his contention that the BOP cannot adequately address his complex medical needs and states that he that on July 7, 2023, the BOP neurologist recommended immediate evaluation by Duke neurosurgery for a possible cerebrospinal fluid leak that is likely causing his headaches and vision loss, and that the BOP physician has requested a second opinion, thus, delaying urgently needed care.

5

Investigation has revealed that Defendant's CPAP machine was misplaced during his move from LSCI to FMC Butner. The BOP has confirmed that the CPAP machine has been replaced. Defendant provided evidence that he suffered injuries and resultant complications from his fall while in custody. Defendant lost unconsciousness, was hospitalized, suffered a concussion, and, as a result, Defendant contends that he suffers ongoing severe bounding headaches, dizziness, vision and hearing loss, and needs assistance from a wheelchair and with some ADLs. Defendant suffers from multimorbidity health conditions, to include progressive dementia, that may have been worsened by injuries sustained in his fall. Defendant's contention that a BOP neurologist suspects that his vision loss and headaches could be the result of a cerebrospinal fluid leak and recommended he be evaluated by Duke neurosurgery is confirmed. BOP records reflect that Defendant has been referred to Duke neurosurgery. Duke neurosurgery advised that Defendant needs to be seen first by a Duke neurologist; and the consult with a Duke neurologist is pending scheduling as of July 20, 2023, with a target appointment date of August 9, 2023. Defendant remains in general population and his current healthcare level is Level 3 – Unstable, Complex Chronic Care, which is defined as outpatient care for inmates that have complex, and usually chronic health conditions that require frequent clinical contacts to maintain control and stability of their condition(s), may require assistance with some activities of daily living, and may require periodic hospitalization. Should Defendant's health deteriorate further, he would be eligible for the highest care level, Level 4, which provides inmate care at a BOP Medical Referral Center offering significantly enhanced medical services, to include 24-hour skilled nursing care or nursing assistance, if necessary.

The Court does not doubt that Defendant is in poor health generally, and is uncomfortable in an institutional setting. Moreover, it appears that Defendant does not trust the opinions of the

medical staff and specialists employed or contracted with the BOP, and wishes to be back in the community and treated by his chosen healthcare providers. However, based upon his high medical care classification status, treatment history, and the medical resources available in a BOP medical facility, or if needed, at a Medical Referral Center, the Court finds that Defendant's medical conditions do not rise to the level of extraordinary and compelling reasons to warrant a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Sealed Emergency Motion to Reconsider [Dkt. No. 148], is DISMISSED.

Dated this 31st day of July 2023.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE