IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**  Plaintiff,  v.  **WILLIAM BRIAN MULDER,**  Defendant. | Case No. 19-CR-0157-001-JFH  USM No.: 16002-062 |

## OPINION AND ORDER

Before the Court is Defendant William Brian Mulder's ("Defendant") third Emergency Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Dkt. No. 181; Dkt. No. 182], filed on December 15, 2023, and January 8, 2024, respectively. Defendant's motions for reduction of sentence are collectively referred to as the "Motion." Defendant restates his multimorbidity health concerns and argues that the severity and likely lethality of his medical problems constitute extraordinary and compelling factors that warrant a reduction of sentence. Further, Defendant advises this Court that the Warden at FCI Butner has approved his sentence reduction and release under § 3582(c)(1), and that his discharge is pending approval of his release plan by the probation office and processing in Washington, D.C. Dkt. No. 181 at 1. Defendant requests that the Court reduce his sentence to time served and that he be immediately released to serve his terms of Supervised Release. For the reasons set forth below, Defendant's Motion is DENIED.

## BACKGROUND

On October 19, 2021, Defendant pled guilty to Counts 44 and 71 of the Second Superseding Indictment, charging him with Causing Interstate Transmission of Moneys Taken by Fraud, in violation of 18 U.S.C. §§ 2314 and 2(b) (Count 44), and Engaging in Unlawful Monetary Transactions, in violation of 18 U.S.C. § 1957(a) (Count 71). Dkt. No. 122. On June 1, 2022, this Court sentenced Defendant to a term of imprisonment of 84 months as to each of Counts 44 and 71, to run concurrently, each with the other. Dkt. No. 134 at 2. The Court further imposed a three-year term of supervised release as to each of Counts 44 and 71, to run concurrently, each with the other. *Id.* at 3. Defendant was also ordered to pay a $200 assessment and restitution to three payees totaling $8,447,080.75. *Id.* at 6.

In November 2022, Defendant filed a § 3582(c)(1) Motion and two Supplements requesting a reduction of sentence due to serious injuries sustained in a fall while confined and worsening multimorbidity health conditions constituting factors supporting his release [Dkt. No. 138]. This Court denied Defendant's Motion. Dkt. No. 144, at 3-7. In June 2023, Defendant filed a Sealed Emergency Motion to Reconsider, accompanied by nine Supplements, asking this Court to reconsider its denial of his motion for relief. Dkt. No. 148. On July 31, 2023, this Court dismissed Defendant's motion as untimely, but noted that, if permitted to review the merits of Defendant's arguments, it would once again deny Defendant's request. Dkt. No. 158 at 4 - 6. In October and November 2023, Defendant filed his second Emergency Motion for Reduction of Sentence pursuant to § 3582(c)(1)(A)(i) arguing multimorbidity health concerns [Dkt. No. 166], and Documents, Supplements, and Motions to Take Judicial Notice. Dkt. Nos. 168, 169, 170, 171, 172, 173, 174, 175, and 177. This Court found a basis to consider a reduction of sentence but denied Defendant's Motion based on an analysis of § 3553(a) factors. Dkt. No. 179 at 8-11. Defendant

is currently imprisoned at FCI Butner, Medium I. His presumptive release date is February 17, 2028.

## STANDARD OF LAW

The Tenth Circuit has adopted a three-step test for considering motions for compassionate release. *United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)). The first step requires the Court to determine, at its discretion, whether "extraordinary and compelling reasons" exist to warrant a sentence reduction. *Id*. The second step requires that the Court find whether such reduction is consistent with applicable policy statements issued by the United States Sentencing Commission. *Id*. The third step requires the Court to consider any applicable 18 U.S.C. § 3553(a) factors and determine whether the reduction authorized by steps one and two is warranted under the particular circumstances of the case. *Id*. The Court must address all three steps when granting such motion. *Maumau*, 993 F.3d at 831, n.4 (citing *United States v. Navarro*, 986 F.3d 668, 670 (6th Cir. 2021)). Although the Circuit Court found that at step two, USSG § 1B1.13 was not applicable because the existing policy statement is applicable only to motions filed by the Director of the BOP, and not to motions filed directly by defendants (*Maumau*, 993 F.3d at 834), the Sentencing Commission revised § 1B1.13 effective November 1, 2023, thereby rendering the policy statement applicable and controlling the definition of "extraordinary and compelling reasons" when a prisoner initiates a § 3582(c)(1)(A) proceeding. Finally, if the Court finds that any of the three prerequisite steps are lacking, the Court may deny the compassionate release motion without addressing the additional steps. *Maumau*, 993 F.3d at 838 n.4 (citing *United States v. Navarro*, 986 F.3d 668, 670 (6th Cir. 2021)).

## ANALYSIS

The provisions of Fed. R. Crim. P. 11(e), together with the requirements of Rule 35, implement and complement the longstanding precedent on the overarching importance and finality of the statutory directive contained in 18 U.S.C. § 3582(b), that a judgment of conviction that contains a sentence of imprisonment is final, notwithstanding the fact that a sentence to imprisonment can subsequently be modified in certain limited circumstances. "Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but th[at] rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526, 131 S.Ct. 2685 (2011). One such exception is contained in 18 U.S.C. § 3582(c)(1). The purpose of the "compassionate release" provision of § 3582(c)(1)(A) is to allow district courts to reduce the sentences of incarcerated persons under "extraordinary and compelling" circumstances, when no other statute provides an avenue for relief. *See United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997); *citing United States v. Blackwell*, 81 F.3d 945, 947-48, 949 (10th Cir. 1996). Further, as set out in *Maumau,* 993 F.3d at 838 (Tymkovich, J. concurring), cases rising to the level of extraordinary and compelling "should be relatively rare;" and the length of sentence alone is likewise insufficient to elicit a reduction, that a combination of factors, to include a defendant's unique circumstances is necessary to reach "extraordinary and compelling" circumstances justifying a sentence reduction. A district court retains discretion as to what constitutes extraordinary and compelling circumstances, but that discretion is not unfettered. When evaluating a motion for reduction, the court is restrained by applicable law, newly revised §1B1.13, and a determination of whether a defendant's reasons are "extraordinary" and "compelling" as that language is commonly understood.

Defendant again argues multimorbidity health concerns, listing medical diagnoses and providing additional detail on the severity and consequences of his medical problems if he remains in an institutional setting. He asserts that his health has deteriorated from complications resulting from his fall in 2022; that he suffers from long-COVID, placing him at risk of an adverse reaction should he again succumb to the disease; and that in addition to and because of the same afflictions previously argued, his mobility and ability for self-care is now severely limited, that he suffers from frequent episodes of unconsciousness, and that his vision is failing.

As noted, this Court previously determined that, based on Defendant's multimorbidity health concerns, extraordinary and compelling circumstances exist that may warrant a reduction of sentence. Dkt. No. 179 at 8-9. However, the Court found that based on the nature, extent, and severity of the instant crimes and length of sentence served, § 3553(a) factors outweigh the bases for reduction of sentence and Defendant's motion for relief was denied. *Id.* at 9-11. Aside from ambulatory concerns, blackouts, and worsening vision -- apparent symptoms or complications of previously argued health problems, Defendant has not presented new evidence or a fresh §1B1.13 argument sufficient to overcome this Court's previous § 3553(a) finding that a reduction of sentence is unwarranted. Consequently, based on the Court's analysis and balancing of the instant bases for reduction of sentence against § 3553(a) factors, modification of sentence is unjustified.

Finally, contrary to Defendant's assertion that the Bureau of Prisons has approved his request for §§ 3582(c)(2), 4205(g) release [Dkt. No. 181 at 1], FCI Butner officials report that the warden has not approved Defendant's discharge. In addition, BOP personnel report that, contrary to the ambulatory dysfunction argued by Defendant as one of several bases his immediate release, he is frequently observed moving freely about the compound without the aid of a wheelchair, cane, or other medical device.

The Court again finds that the original sentence is sufficient, but not greater than necessary, to comply with the purposes of imposing a sentence. Consideration of § 3553(a) factors justify the sentence imposed after consideration of the nature and characteristics of the Defendant, the seriousness of the offense, the need to promote respect for the law, the necessity to protect the community from further crimes, and the need to provide for adequate deterrence. 18 U.S.C. §§ 3553(a)(1) and (2)(A)-(C).

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant's third Emergency Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Dkt. Nos. 181 and 182], is DENIED.

Dated this 31st day of January 2024.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE